UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VAN MAYE, 03-B-0592,

        Plaintiff,

    v.

ERIE COUNTY,
ERIE COUNTY CORRECTIONAL FACILITY,
JOHN DOE,

        Defendants.

DECISION & ORDER

04-CV-6176P

---

        Plaintiff, an inmate at the Mid-Orange Correctional Facility, has commenced this *pro se* action against defendants Erie County and Erie County Correctional Facility, pursuant to 42 U.S.C. § 1983. (Docket # 1). In his Amended Complaint, plaintiff alleges that the medical staff at the Erie County Correctional Facility violated his constitutional rights by deliberately denying his requests for medical attention. (Docket # 4). Currently before the Court is plaintiff's motion for the appointment of counsel. (Docket # 16).

        It is well-established that civil litigants do not have a constitutional right to counsel. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Broad discretion lies with the judge in determining whether such assignment is warranted. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (finding that the appointment of counsel is clearly within court's discretion).

        The assignment of counsel must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer

available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). The factors to be considered in deciding whether to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). *See also Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).

This Court has reviewed the facts presented herein in light of the factors required by law. As stated above, plaintiff alleges that defendants violated his constitutional rights by failing to provide him with proper medical care. (Docket # 4). Plaintiff has summarily requested the assignment of counsel, stating only that such appointment is necessary due to his "limited amount of funds." (Docket # 16). Pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I find that the appointment of counsel is not warranted at this time. Indeed, the legal issues in this case do not appear to be complex and plaintiff has not demonstrated, as he must, that he is likely to succeed on the merits of the Complaint. *See Hendricks*, 114 F.3d at 392; *Hodge*, 802 F.2d at 58; *Sanchez v. Messhall's*, 2004 WL 2093554, *2 (S.D.N.Y 2004) (examining the face of the pleadings to evaluate merit of claim); *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988) (same). Finally, plaintiff has not demonstrated that the appointment of counsel would more likely lead to

a just determination. Accordingly, plaintiff's motion for appointed counsel is denied without prejudice.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion for the appointment of counsel **(Docket # 16)** is **DENIED.** It is the plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se.* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                        *s/Marian W. Payson*
                                                            MARIAN W. PAYSON
                                                           United States Magistrate Judge

Dated:  Rochester, New York
         June   28  , 2006.