UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VAN MAYE, 03-B-0592,

                                        Plaintiff,

                                                              DECISION AND ORDER
        -v-                                                   04-CV-6176 CJS

ERIE COUNTY, ERIE COUNTY CORRECTIONAL
FACILITY, DR./PHYSICIAN MEDICAL STAFF,

                                Defendants.
_____

APPEARANCES

For Plaintiff:            Van Maye, *pro se*
                          03-B-0592
                          Groveland Correctional Facility
                          7000 Sonyea Road
                          Sonyea, New York 14556

For Defendants:           Ruthanne Wannop, Esq.
                          Erie County Department of Law
                          69 Delaware Avenue, Suite 300
                          Buffalo, New York 14202

INTRODUCTION

       This is an action in which the Plaintiff, a former inmate of the Erie County

Correctional Facility, is suing pursuant to 42 U.S.C. § 1983, asserting that Defendants

violated his Eighth Amendment rights by denying him medical care.  Specifically,

Plaintiff contends that Defendants failed to provide him with appropriate treatment for a

back injury, and that as a result he has experienced pain and a loss of sensation in his

arm.  Now before the Court is Defendants' motion [#25] for summary judgment.  For the

reasons that follow, the application is granted.

1

BACKGROUND

Unless otherwise noted, the following are the undisputed facts of this case viewed in the light most favorable to Plaintiff.[1]  At all relevant times Plaintiff was confined at the Erie County Correctional Facility ("the Jail").  On January 7, 2003, Plaintiff was exercising on a chin-up bar, when he felt a sudden "tweak"in his back. Plaintiff performed another set of chin-ups and then stopped.  Later that evening, Plaintiff notified a corrections officer that he felt a pinching in his back and numbness in some of his fingers.  The corrections officer checked with the facility medical department, and was advised to have Plaintiff sign up for sick call.  On January 15, 2003, Plaintiff went to sick call and was examined by Physician's Assistant Mark Wilkowski, P.A. ("Wilkowski"), who diagnosed a muscle strain.  Wilkowski prescribed Motrin 800 mg. as needed for pain, and directed Plaintiff to avoid all work and recreational activity for seven days.  Dr. Allen Lebowitz, M.D. ("Lebowitz"), a physician employed at the jail, reviewed and approved Wilkowski's diagnosis and treatment plan. The jail's medical records indicate that Plaintiff did not seek further medical care concerning his back pain.  However, Plaintiff maintains that he went to sick call twice more in January 2003, and was examined by a doctor, who agreed that Plaintiff had a muscle strain.  Although Plaintiff alleges that on the second such visit the doctor discontinued his Motrin prescription, at his deposition, he indicated that he continued to receive Motrin.  Plaintiff also contends that he complained of back pain to corrections officers on several occasions.  On March 4, 2003, Plaintiff complained to a nurse that

---

[1]The facts are taken from Defendants' Statement of Facts (Docket No. [#26]), which is uncontroverted.

2

the fingers on his left hand felt numb.  On March 8, 2003, Plaintiff was examined in the

jail medical department concerning an unrelated medical complaint, and the record of

that visit does not show that Plaintiff made any complaints of back pain or arm

weakness.

On March 11, 2003, Plaintiff was transferred to the custody of the New York

State Department of Correctional Services ("DOCS").  While in DOCS custody, Plaintiff

underwent a variety of diagnostic testing concerning his back pain and arm weakness.

Doctors eventually concluded that Plaintiff had a herniated disc, which was impinging

on a nerve and causing a loss of feeling in his arm and fingers.  On March 17, 2004,

Plaintiff had successful surgery to relieve the pressure on his nerve.

Plaintiff commenced the subject action alleging that Defendants violated his civil

rights by failing to provide him with proper medical attention "for several weeks."

(Complaint at 5).  Specifically, he alleges that the jail medical staff provided him with

Motrin, but failed to recommend "further medical attention as far as x-rays or MRI." (*Id*.).

Following a period of discovery, Defendants filed the subject summary judgment

motion.  In support of the motion, Defendants have submitted affidavits from Wilkowski

and Lebowitz, in which they deny that Plaintiff complained of pain or numbness in his

hand or arm or that he sought additional medical attention for his injury after his

January 15, 2003 visit with Wilkowski.  Defendants have also submitted an affidavit

from a medical expert, Joseph Kowalski, M.D. ("Kowalski").  Kowalski states that, based

on his review of Plaintiff's medical records, Plaintiff "received appropriate evaluation

and treatment" at the jail. (Kowalski Affidavit ¶ 5).  Kowalski further states that based on

a diagnosis of muscle strain, additional diagnostic testing would not have been warranted, unless Plaintiff had continued to complain of symptoms for more than eight weeks. (*Id*. at ¶ 6).

The Court issued a Motion Scheduling Order [#29], and directed Plaintiff to file papers opposing summary judgment on or before May 18, 2007.  Plaintiff did not respond to the motion.[2]

ANALYSIS

The standard for granting summary judgment is well established.  Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

---

[2]Plaintiff was served with an Irby notice. *See*, Docket [#25].

4

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).  The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e).  Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in

5

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).

***

An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

Plaintiff alleges that Defendants violated his Eighth Amendment rights by denying him medical treatment, and the legal standard for such claims is clear:

In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate

6

> medical care by prison officials to successfully establish Eighth
> Amendment liability. An official acts with the requisite deliberate
> indifference when that official knows of and disregards an excessive risk
> to inmate health or safety, a state of mind equivalent to the familiar
> standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

Applying all of the foregoing applicable legal principles, the Court finds that Defendants are entitled to summary judgment.  In that regard, Defendants have come forward with evidence that Plaintiff received appropriate medical treatment, and Plaintiff has not responded.  The Court has examined the entire record in this case in the light most favorable to Plaintiff, and concludes that, at most, Defendants were negligent. However, mere negligence is insufficient to establish a claim of deliberate indifference to a serious medical need.

## CONCLUSION

Accordingly, Defendants' summary judgment motion [#25] is granted, and this action is dismissed with prejudice.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*,

369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should

be directed on motion to the United States Court of Appeals for the Second Circuit in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.

     So Ordered.

Dated: Rochester, New York
     December 2, 2008

                    ENTER:


                    /s/ Charles J. Siragusa

                    CHARLES J. SIRAGUSA
                    United States District Judge